FILED
CLERK, U.S. DISTRICT COURT

MAR 1 4 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX DEMETRIUS GRAVES, ) | Case No.  CV 14-1658 R (MRW) |
| Petitioner, ) | |
| vs. ) | ORDER DISMISSING ACTION |
| SCOTT FRAUHENHEIM, ) Warden, ) | |
| Respondent. ) | |

The Court vacates the reference of this action to the Magistrate Judge and dismisses Petitioner's defective state habeas action.

Alex Graves is an inmate at Pleasant Valley State Prison.  He recently filed a motion with the Court requesting a stay of a habeas action pending further state court proceedings to exhaust claims pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  However, Petitioner has never filed a habeas petition in this Court and does not have an active case on file in this district.  Indeed, his filing is apparently an attempt to extend the deadline to file a future habeas corpus petition challenging his state court criminal conviction.  This procedure is not workable, though, so his action must be dismissed without prejudice.

* * *

1    According to the motion, Petitioner wishes to exhaust unidentified claims in
2  state court related to a recent criminal conviction. However, it is not clear what
3  Petitioner's crimes of conviction were or what constitutional error he wishes to
4  assert on habeas review in this Court. Other than the present motion, Petitioner
5  has filed no other materials with the Court in connection with his case.

6    Notably, Petitioner has not filed an actual habeas petition with the Court. In
7  this way, he has failed to comply with the Rules Governing Section 2254 Cases in
8  the United States District Courts. Rule 2(d) expressly requires that a state prisoner
9  commence a habeas action by using a standard form prepared by the court. In our
10  district, prisoners must complete Form CV-69. That form provides the Court with
11  basic information about the petitioner, his conviction, the prior status of his case in
12  state and federal court, and, most importantly, the federal constitutional claims he
13  wishes to pursue in federal court.

14    Petitioner has not provided the Court with any of this important
15  information. The Court does not know the crime or crimes for which he was
16  convicted, the issues he raised on appeal, or why he believes that his conviction
17  violated the U.S. Constitution. As a result, the Court cannot grant any relief such
18  as a stay of this action.

19                                              * * *

20    A state prisoner must begin his case by filing a petition for a writ of habeas
21  corpus. Petitioner's request for a stay of this case – in the absence of a properly
22  filed petition – is simply inadequate and premature.[1]

23

24  _____

25    [1]    The Court observes that a state prisoner generally has a one-year
    period after a conviction becomes final to commence an action for federal habeas
26  review. 28 U.S.C. § 2244. In California, when a prisoner does not seek certiorari
27  review of a conviction in the U.S. Supreme Court, a prisoner's conviction
                                                                    (continued...)
28

                                              2

1    Therefore, this action is hereby DISMISSED without prejudice.

2    IT IS SO ORDERED.

3

4    DATED: _March 14_, 2014

5

6                                        _____
                                         HON. MANUEL L. REAL
7                                        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    _____

26        [1](...continued)

27    generally becomes final 90 days after the state supreme court denies a petition for
      review.  Shannon v. Newland, 410 F.3d 1083, 1086 (9th Cir. 2005).
28

                                          3